# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Kevin Overall,

               Plaintiff,

vs.

Transportation Commodities, Inc. dba
Transportation Concepts,

               Defendant.

Case No. 2:25-cv-02036-APG-MDC

**ORDER GRANTING MOTION TO STAY DISCOVERY (ECF NO. 16)**

Pending before the Court is defendant's *Motion to Stay Discovery* ("Motion") (ECF No. 16). In the Motion, defendant seeks to stay discovery pending resolution of its *Motion to Dismiss* ("Motion to Dismiss") (ECF No. 15). The Court **GRANTS** the defendant's Motion for the reasons set forth below.

## I.    BACKGROUND

This is an employment case where plaintiff makes claims against defendant for: (1) age and disability discrimination under Title VII and the ADA; (2) age discrimination under the ADEA; (3) discrimination under the ADAAA; and (4) failure to engage with the interactive process. *ECF No. 12* at 5-8. Defendant filed a Motion to Dismiss plaintiff's operative Amended Complaint. *ECF No. 15*. Defendant then filed this Motion to stay discovery pending adjudication of the Motion to Dismiss. *ECF No. 16*. Plaintiff opposes the Motion. *ECF No. 22*. Defendant filed a reply addressing plaintiff's opposition. *ECF No. 26*.

## II.    LEGAL STANDARD

### A.    The Court Has Inherent Discretion to Control Discovery

Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). "The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278

1

F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). When considering a motion to stay discovery while a dispositive motion is pending, "this court considers the goal of Rule 1 of the Federal Rules of Civil Procedure which directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602 (quoting Fed. R. Civ. P. 1). Thus, the Court may consider staying discovery pursuant to its inherent powers and discretion, together with the goals pronounced by Rule 1.

**B.     The Pragmatic Approach**

Instead of engaging in a "preliminary peek" of a dispositive motion before the District Judge, the undersigned Magistrate Judge previously adopted the pragmatic approach when considering motions to stay discovery because a dispositive motion is pending. *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382-GMN-MDC, 2024 WL 2302151, at *2-3 (D. Nev. May 21, 2024)*. The pragmatic approach considers only the following two elements: (1) if the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery. *Aristocrat Techs., Inc*, 2024 WL 2302151, at *2.

**III.   STAYING DISCOVERY IS APPROPIATE UNDER THE PRAGMATIC APPROACH**

**A.     Discovery is Not Needed to Respond to the Pending Motion to Dismiss**

Parties disagree on whether discovery is needed to decide the pending Motion to Dismiss. Defendant argues that the Motion to Dismiss can be decided without discovery. *ECF No. 16*. Plaintiff does not show that any discovery is needed to adjudicate the Motion to Dismiss. Instead, plaintiff argues that he needs access to the "vast amount of discovery" that defendant possesses in order to "prove his claims." *ECF No. 22* at 3. Plaintiff's argument for discovery goes to the merits of his claims and not the sufficiency of his complaint, which is the issue relative to defendant's Motion to Dismiss. *See e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (In evaluating a motion to dismiss, courts accept all well-

2

pleaded facts as true and construe them in the light most favorable to the plaintiff.). Therefore, the Court agrees with defendant that the Motion to Dismiss can be decided without discovery at this time.

## B.    Good Cause Exists to Stay Discovery

The good cause element under the pragmatic approach is sufficiently broad to allow a court to operate within its discretion and the objectives of Fed. R. Civ. P. 1. Thus, good cause exists where a staying discovery secures "the just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1.; *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011) ("[T]his court's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1."); *see also Schrader v. Wynn Las Vegas*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *2 (good cause may be found where a movant seeks to stay discovery to prevent the undue burden or expense).

Defendant has shown good cause to stay discovery. Defendant notes that a stay would conserve resources for the parties if the Motion to Dismiss is granted and that a stay would only lead to a "short delay" in this case until the Motion to Dismiss is adjudicated. *See Free Speech Found., Inc. v. Phila. Indem. Ins. Co.*, No. 2:23-cv-01407-MMD-BNW, 2023 WL 11802591, at *3 (D. Nev. Dec. 22, 2023) (the burden of showing discovery may be unduly burdensome is lower in the context of moving to stay discovery pending adjudication of a dispositive motion). Moreover, Federal Rule of Civil Procedure 1 provides that the federal rules should "be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Therefore, the resolution of the Motion to Dismiss would provide for either a clear and concise statement of the claims against defendants or complete dismissal of plaintiff's claims and save the parties from the expenses of unnecessary discovery.

//

//

//

3

ACCORDINGLY,

**IT IS ORDERED** that:

1.      Defendant's *Motion to Stay Discovery* (ECF No. 16) is **GRANTED**. Discovery is stayed pending the disposition of defendant's *Motion to Dismiss* (ECF No. 15) or further Court order, including an order on any motion to lift the stay.

2.      If defendant's Motion to Dismiss is denied in whole or in part, the parties shall file a new Stipulated Discovery Plan and Scheduling Order within 14 days of an Order denying the Motion to Dismiss in whole or in part.

DATED: February 20, 2026.

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

4